IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHLEEN A. BOWERSOX, | § | |
| *Plaintiff,* | § | |
| v. | § | C.A. NO._____ |
| | § | JURY TRIAL DEMANDED |
| STALLION OILFIELD SERVICES LTD. AND STALLION INTERESTS, LLC, | § | |
| *Defendant.* | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Kathleen A. Bowersox and brings this suit against Stallion Oilfield Services LTD and Stallion Interests, LLC (collectively referred to as "Defendants" or "Stallion").

### A. NATURE OF THE CASE

1. This employment discrimination case is brought by Kathleen A. Bowersox, a former Senior Training Representative for Stallion Oilfield Services, LTD. Plaintiff brings this case of discrimination based on age, sex, and disability pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Age Discrimination Act of 1967, and the Texas Labor Code.

2. Bowersox brings this action because Stallion has maintained a discriminatory workplace in which she has been subject to discrimination and harassment due to her age, 56, gender, female, and disability, breast cancer and cancer recovery. Bowersox was further denied reasonable accommodations for her disability.

1

3. While employed for Stallion, Bowersox was harassed, her knowledge demeaned and was denied opportunities to even apply for promotions she was more than qualified for. Further, Bowersox was denied access to reasonable accommodations for her disability after receiving treatment for breast cancer.

4. Bowersox attempted to bring the issues at hand to the attention of senior management, however her claims were either demeaned as "not serious" or ignored all together.

5. When Stallion created a new higher-level role in Bowersox's department, Bowersox was not provided the opportunity to even apply for the role which would be given to a younger male with far less experience.

6. Then, Defendant Stallion fired Bowersox citing that her position was redundant, her inability to be at the office at their desired time due to her disability, and her inability to "fit in to the Stallion culture." During the same time, Stallion additionally demoted Bowersox's female manager, one of the few female managers with direct reports in the company at the time.

7. Despite stating the redundancy of Bowersox's position as one of the reasons for firing her, Defendant Stallion began the process of filling the position immediately after her release, which Stallion did with someone much younger.

## B. PARTIES

8. Kathleen A. Bowersox is an individual, who is a citizen of the State of Texas and resides within the Southern District of Texas where a substantial part of the events or omissions giving rise to the claim occurred.

9. Defendants Stallion Oilfield Services LTD and Stallion Interests LLC are a domestic for-profit limited liability corporation that may be served through its registered

agent Corporation Service Company D/B/A CSC-Lawyers Inc, 211 E. 7th St Ste. 620 Austin, TX 78701.

### C. JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights. 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051 and §21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Within 300 days of occurrences of the acts complained of, Bowersox, filed her initial complaint with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission – Civil Rights Division ("TWCCRD").

12. Bowersox has exhausted any applicable administrative remedies and on October 25, 2021, received the Dismissal and Notice of Right to Sue letter from EEOC. This lawsuit has been filed within 90 days of her receipt of the Dismissal and Notice of Right to Sue letter.

13. All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

14. Venue is proper in this judicial district court under 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Stallion has offices, conducts business, and can be found in this district, and a substantial part of the events or omissions giving rise to Bowersox's

causes of action occurred in the Southern District of Texas.

## D. STATEMENT OF FACTS

15. Plaintiff Bowersox, a female age 56, became employed with Stallion in early 2018.

16. During Bowersox employment with Stallion, she often demeaned and her knowledge and work devalued because of her gender.

17. Bowersox attempted to bring up these issues with senior management of Stallion, specifically Mr. Steve Thorness, CAO, but was ignored completely or demeaned for even bringing up the issues.

18. During Bowersox's employment, Stallion decided to add a higher-level role in her department. Bowersox was not even given the opportunity to apply or interview for the position despite her experience and time with the company. Not even Plaintiff's manager was given an opportunity to apply to the position and was almost immediately demoted once the new, younger male was hired for the position.

19. Instead, Stallion hired Mr. Jason Ramos, an acquaintance of Mr. Thorness, for the newly created position.

20. Bowersox was tasked with training Mr. Ramos on department systems and processes for which he had no experience.

21. Prior to Mr. Ramos' hiring, Bowersox was a model employee who never received disciplinary action for her performance and consistently received 100% of her bonuses.

22. During her employment with Stallion, Bowersox unfortunately suffered from breast cancer which required surgery on February 13, 2019. Bowersox repeatedly told Stallion management that she would be having this surgery and the need for the reasonable accommodation of coming in later to the office.

23. Against her surgeon's advice, Bowersox returned to work early.

24. Bowersox repeatedly asked to be allowed the reasonable accommodation of coming in later on some days in order to recover physically from her breast cancer surgery.

25. Despite Bowersox's recovery, she was still able to work for eight (8) hour days and getting all of her work done.

26. Mr. Ramos began criticizing Bowersox for her tardiness, which Bowersox again explained her need to come in slightly later on some days in order to completely recover.

27. Stallion and Mr. Ramos continued to deny her request for the reasonable accommodation of coming to the office slightly later post breast cancer surgery and instead used her tardiness as a sham reason for termination.

28. On April 12, 2019, less than two months after Bowersox's breast cancer surgery, Stallion fired her citing her position as being redundant, Bowersox's tardiness due to her recovery and her personality not being a fit in the Stallion Culture.

29. Even though Stallion stated Bowersox position was redundant as a reason for termination, Stallion began searching for her replacement immediately which was filled by a younger person with less experience.

30. During Bowersox's termination, when Bowersox – understandably – became upset, Mr. Ramos began to demean her stating that "A Stallion is an ungelded, male horse" and that "The oil industry is tough and in working for an oil company with the name Stallion, you should be prepared for it to be tough."

31. Mr. Ramos stated that Bowersox may leave immediately or stay for two weeks which Bowersox understood as her being able to continue to work for the next two weeks. Upon Bowersox's arrive the following Monday, Mr. Ramos informed her that she would

have to officially resign if she wanted to continue working for the two weeks. When Bowersox declined to resign she was told that she was terminated effective immediately.

32. On or about November 13, 2019, Bowersox filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC")

33. On October 21, 2021, the EEOC issued a right to sue letter, as evidenced by the post-mark on the letter. However, Plaintiff did not receive the letter in the mail until October 25, 2021.

34. The effect of the practices complained of in the foregoing has been to deprive Bowersox of equal employment opportunities and otherwise adversely affect her status as an employee, because of her gender, age and disability.

35. The unlawful employment practices complained of in the foregoing were intentional.

36. The unlawful employment practices complained of in the foregoing were done with malice or with reckless indifference to the federally and state protected rights of Bowersox.

37. Lastly, due to the age, gender, and disability discrimination Plaintiff faced at Stallion, Plaintiff has suffered egregious damages. Specifically, since terminated, Plaintiff has been unable to find employment in either the oil and gas industry, or in her particular field and continues to accrue damages as of the date of this Original Petition.

### E. CAUSES OF ACTION

**Count No. 1-Gender/Age Discrimination Under Title VII of the Civil Rights Act**

38. Bowersox repeats and re-alleges all facts alleged in this Original Petition with the same force and effect as though fully set forth herein.

39. Stallion's employment practices had a disparate impact on Bowersox because of

her gender, age and disability.

40. Stallion's actions demonstrate that they have engaged gender, age and disability discrimination with malice or with reckless indifference to Bowersox's protected rights and are in violation of Title VII of the Civil Rights Act and the Texas Labor Code.

41. During her employment with Stallion, Bowersox was subjected to harassment thatwas based upon her gender, female. The harassment was severe or pervasive.

42. Stallion's discrimination of Bowersox culminated in one or more tangible employment actions, including inopportunity to apply for a better position within the company and termination.

43. In addition, Bowersox avers that Stallion's unlawful gender, age, and disability discrimination violate the provisions of Title VII of the Civil Rights Act of 1954, as amended by the Civil Rights Act of 1991 and Texas Labor Codejustifying an award, *inter alia*, of compensatory and punitive damages against Stallion.

44. Such discrimination has caused Bowersox to suffer damages of severe emotional distress and lost wages including lost raises, seniority and retirement benefits, and other benefits associated as Bowersox has been subjected to an adverse employment action as a result of the discrimination. Such discrimination was committed with malice and reckless indifference to the rights of Bowersox who endured discrimination, and desires to be treated equally pursuant to the intent of the statute to protect victims from such actions.

45. Bowersox has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Stallion. Bowersox is now suffering and will continue to suffer

past and future pecuniary losses, emotional and physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. These irreparable injuries and monetary damages are the result of Bowersox's retaliatory practices and they will continue unless and until this Court grants relief.

**Count No. 2- Discrimination and Retaliation in Violation of the TCHRA**

46. Bowersox repeats and re-alleges all facts alleged in this Original Petition with the same force and effect as though fully set forth herein.

47. Stallion's actions, either through themselves or through their agents, representatives and/or employees, constituted unlawful discrimination, harassment, and retaliation in violation of the Texas Labor Code § 21.051 and §21.055.

**Count No. 3-Hostile Work Environment Under Title VII of the Civil Rights Act**

48. Bowersox repeats and re-alleges all facts alleged in this Original Petition with the same force and effect as though fully set forth herein.

49. Bowersox was subjected to a hostile work environment based upon the consistent demeaning and sexist remarks made by Stallion and agents of Stallion

50. Bowersox belongs to a protected class based upon her gender, age, and disability and was subjected to unwelcomed harassment. The harassment was based upon her membership in the protected class, the harassment affected a term, condition or privilege of her employment and Stallion knew or should have known of the harassment and failed to take prompt remedial action.

51. The harassment affected a term, condition, or privilege of Bowersox's employment, in that it was sufficiently severe or pervasive to create a work environment that is both subjectively and objectively abusive, i.e., one that Bowersox perceived as abusive and one

8

that a reasonable person would find hostile or abusive.

### Count No. 3-Failure to Provide Reasonable Accommodation for Disability

52. Bowersox repeats and re-alleges all facts alleged in this Original Petition with the same force and effect as though fully set forth herein.

53. During her employment with Stallion, Bowersox was not provided with the reasonable accommodation of coming to the office at a later time during her recovery from breast cancer surgery

54. Stallion failure to provide Bowersox with a reasonable accommodation resulted in Stallion's use of her tardiness as reason for termination.

55. By reason of Stallion's discriminatory and unlawful employment practices as set forth above, Bowersox suffered damage, including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, physical injury, humiliation, indignity and a reduced quality of life.

## F. JURY REQUEST

56. Plaintiff requests a trial by jury.

## G. PRAYER

For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing this Court grant the following relief:

a) For actual damages;

b) Back pay to compensate Bowersox for loss of income and/or employment related benefits resulting from the discriminatory actions of Defendant;

c) Compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects on her career, and for diminished earning capacity resulting from the discriminatory actions of Defendant;

d) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

e) An award of reasonable attorney's fees and the cost and expenses related to the litigation of this claim;

f) Pre-judgment interest at the highest rate allowed by law;

g) Post-judgment interest at the highest rate allowed by law; and

h) For such other and further relief to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

/s/Bridget Davidson
Bridget Davidson
*bdavidson@spacecitylaw.com*
SD Bar No.: 3005005
TBN: 24096858
3603 Sierra Pines Drive
Houston, Texas 77068
Tel.: 713-397-6075
Fax: 713-58301107

ATTORNEY FOR PLAINTIFF